IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-03034-BNB

ARTHUR JAMES LOMAX,

    Applicant,

v.

JOHN DAVIS, Warden, and
JOHN SUTHERS, THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

## ORDER OF DISMISSAL

    Applicant, Arthur James Lomax, is in the custody of the Colorado Department of Corrections (DOC) and currently is incarcerated at the Colorado State Penitentiary in Canon City, Colorado.  Mr. Lomax has filed a *pro se* Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 challenging the validity of his conviction in Case No. 2005CR3972 in the District Court for the City and County of Denver.  He has been granted leave to proceed pursuant to 28 U.S.C. § 1915.

    In an order entered on January 10, 2012, Magistrate Judge Boyd N. Boland directed Respondents to file a Pre-Answer Response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A).  On January 31, 2012, Respondents filed a Pre-Answer Response.  Mr. Lomax submitted a Reply on February 21, 2012.

    The Court must construe liberally the Application filed by Mr. Lomax because he is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972);

*Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss the action as barred by the one-year limitation period.

**I.      Background and State Court Proceedings**

On September 15, 2006, a jury found Mr. Lomax guilty of sexual assault, unlawful sexual contact, and misdemeanor sexual assault. Pre-Answer Resp. Ex. A at p. 10 (State Court Register of Actions). On December 12, 2006, the trial court sentenced Mr. Lomax to six years to life for the sexual assault conviction and one-year concurrent sentences for the other two counts. *Id.* at 9.

Mr. Lomax filed a direct appeal to the Colorado Court of Appeals. *Id.* at 8. On November 16, 2009, the appellate court affirmed the district court's judgment in part and vacated in part. *See People v. Lomax*, No. 07CA0186 (Colo. App. Nov. 16, 2009) (unpublished opinion) (Pre-Answer Resp. at Ex. D). Specifically, the appellate court found that the charge of unlawful sexual contact was a lesser included offense of sexual assault. Therefore, the court vacated Mr. Lomax's conviction for unlawful sexual contact, but affirmed his other convictions. Mr. Lomax petitioned the Colorado Supreme Court for certiorari review, which was denied on March 8, 2010. *See Lomax v. People*, 2010 WL 764800 (Colo. March 8, 2010) (unpublished opinion).

On July 6, 2010, Mr. Lomax filed a motion for sentence reconsideration pursuant to Colorado Rule of Criminal Procedure 35(b). *See* Pre-Answer Resp. at Ex. A, p. 6.

The trial court denied the motion on July 21, 2010. *Id.* Mr. Lomax did not file an appeal.

2

On August 23, 2010, Mr. Lomax filed a post-conviction motion pursuant to Rule 35(c). *Id.* The trial court denied the motion on October 19, 2010. *Id.* Mr. Lomax filed a notice of appeal on January 12, 2011. *Id.* The Colorado Court of Appeals dismissed the appeal as untimely on November 14, 2011. *Id.* at 5.

Mr. Lomax then filed the instant action, which was received by the Court on January 21, 2011. In the Application, Mr. Lomax asserts five claims.

## II.     Timeliness

Respondents argue that this action is barred by the one-year limitation period in 28 U.S.C. § 2244(d). Section 2244(d) provides as follows:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> > (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

> (2)  The time during which a properly filed application for
> State post-conviction or other collateral review with respect
> to the pertinent judgment or claim is pending shall not be
> counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In order to apply the one-year limitation period, the Court first must determine when the judgment of conviction in Mr. Lomax's criminal case became final. Because Mr. Lomax filed a direct appeal, his conviction became final on June 7, 2010,[1] ninety days after March 8, 2010, the date the Colorado Supreme Court denied certiorari review.  *See* 28 U.S.C. § 2244(d)(1)(A).  As such, the one-year statute of limitations began to run on June 8, 2010, the next business day after the conclusion of his direct appeal.  *See, e.g., Locke v. Saffle*, 237 F.3d 1269, 1273 (10th Cir. 2003).

The Court must next determine whether any of Mr. Lomax's state court post-conviction motions tolled the one-year limitation period.  Pursuant to 28 U.S.C. § 2244(d)(2), a properly filed state court post-conviction motion tolls the one-year limitation period while the motion is pending.  An application for post-conviction review is properly filed with the meaning of § 2244(d)(2) "when its delivery and acceptance are in compliance with the applicable laws and rules governing filings."  *Artuz v. Bennett*, 531 U.S. 4, 8 (2000).  The requirements include:

> (1) the place and time of filing; (2) the payment or waiver of any required
> filing fees; (3) the obtaining of any necessary judicial authorizations that
> are conditions precedent to filing, such as satisfying any filing
> preconditions that may have been imposed on an abusive filer; and (4)
> other conditions precedent that the state may impose upon the filing of a

---

[1] The ninetieth day after March 8, 2010, was June 6, 2010.  However, June 6, 2010, was a Sunday.  Therefore, the filing deadline extended to June 7, 2010.  *See* C.A.R. 26(a).

post-conviction motion.

*Habteselassie v. Novak*, 209 F.3d 1208, 1210-11 (10th Cir. 2000).

The issue of whether a postconviction motion is pending is a matter of federal law. *See Gibson v. Klinger*, 232 F.3d 799, 806 (10th Cir. 2000). The term "pending" includes "all of the time during which a state prisoner is attempting, through proper use of state court procedures, to exhaust state court remedies with regard to a particular post-conviction application." *Barnett v. Lemaster*, 167 F.3d 1321, 1323 (10th Cir. 1999). Furthermore, "regardless of whether a petitioner actually appeals a denial of a post-conviction application, the limitations period is tolled during the period in which the petitioner could have sought an appeal under state law." *Gibson*, 232 F.3d at 804.

There were no pending motions in Mr. Lomax's state court action between June 8, 2010, and July 5, 2010. *See* Pre-Answer Resp. at Ex. A, p. 6. These 28 days are counted against the one-year statute of limitations. Mr. Lomax filed a Rule 35(b) motion on July 6, 2010, which the trial court denied on July 21, 2010. *See id.* Mr. Lomax then had 45 days, or until September 7, 2010, to appeal the trial court's denial of the motion for sentence reconsideration to the CCA.[2] *See* Colo. App. R. 4(b). Mr. Lomax did not file an appeal.

Accordingly, the one-year limitation period would begin running again on September 8, 2010. However, Mr. Lomax filed a Rule 35(c) motion on August 21, 2010. *Id.* at 6. Therefore, the limitations period was tolled until October 19, 2010, when

---

[2] The forty-fifth day after July 21, 2010, was September 4, 2010, which was a Saturday. Therefore, the filing deadline would extend until September 6, 2010. However, September 6, 2010, was a federal holiday. Therefore, the filing deadline extended until September 7, 2010. *See* C.A.R. 26(a).

the trial court denied the Rule 35(c) motion. *Id.* Mr. Lomax then had 45 days, or until December 3, 2010, to appeal the trial court's denial of the motion for sentence reconsideration to the CCA. *See* Colo. App. R. 4(b).

Mr. Lomax did not file an appeal until January 12, 2011. The limitations period was not tolled by Mr. Lomax's untimely appeal because it was not "properly filed" under § 2244(d)(1)(D). *See Hoggro v. Boone*, 150 F.3d 1223, 1227 n. 5 (10th Cir. 1998) (holding that untimely appeals are not considered properly filed); *see also Lovasz v. Vaughn*, 134 F.3d 146, 148 (3d Cir. 1998) (holding that a "properly filed" application, for purposes of § 2244(d), is one that has been "submitted according to the state's procedural requirements, such as the rules governing the time and place of filing.").

Therefore, the statue of limitations began running on December 4, 2010, and ran for 337 days until it expired on November 6, 2011 (28 days + 337 days = 365 days). The Court finds that the limitation period expired approximately fifteen days prior to the filing of the application on November 21, 2011. Accordingly, the instant action is time-barred in the absence of some other reason to toll the one-year limitation period.

The one-year limitation period in 28 U.S.C. § 2244(d) is not jurisdictional and may be tolled for equitable reasons in appropriate extraordinary situations when circumstances beyond a prisoner's control make it impossible to file the habeas corpus application on time. *See Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998). In addition, equitable tolling may be appropriate if (1) the inmate is actually innocent; (2) an adversary's conduct or other uncontrollable circumstances prevents the inmate from timely filing; or (3) the inmate actively pursues judicial remedies but files a defective pleading within the statutory period. *See Gibson*, 232 F.3d at 808. Simple excusable

neglect, however, is not sufficient to support equitable tolling. *See id*. Furthermore, equitable tolling is appropriate only if the inmate pursues his claims diligently. *See Miller*, 141 F.3d at 978. Finally, Mr. Lomax bears the burden of demonstrating that equitable tolling is appropriate in this action. *See id.* at 977.

Nothing in the record indicates that Mr. Lomax faced extraordinary circumstances that prevented him from diligently pursuing his claims. *See Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000) (holding that equitable tolling "is only available when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control."). Therefore, under 28 U.S.C. § 2244(d), he is time-barred from filing a federal habeas corpus action in this Court.

Finally, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Applicant files a notice of appeal he must also pay the full $455 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24. Accordingly, it is

ORDERED that the Application is denied and the action is dismissed because it is barred by the one-year limitation period in 28 U.S.C. § 2244(d). It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied. It is

FURTHER ORDERED that no certificate of appealability will issue because Applicant has not made a substantial showing of the denial of a constitutional right.

DATED at Denver, Colorado, this  1st  day of      March         , 2012.

BY THE COURT:

   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court